[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING RE: DEFENDANTS' OBJECTION TO PLAINTIFFS' APPLICATION FORPREJUDGMENT REMEDY (FILE #117)
Plaintiffs' second amended complaint was filed on December 29, 1994. Plaintiffs are co-fiduciaries and beneficiaries of their deceased mother's estate. The individual defendant is a certified public accountant and a principal in the accounting firm named as the corporate defendant. The six count second amended complaint asserts, generally, a Professional malpractice claim in connection with the preparation and filing of estate and succession tax returns. The separate counts allege professional negligence, breach of contract, breach of fiduciary duty, negligent misrepresentation, negligent infliction of emotional distress, and acts and omissions constituting violations of the Connecticut Unfair Trade Practices Act. A renewed motion to strike count six (CUTPA) of the second amended complaint was CT Page 8400 recently denied. The prayer for relief includes requests for compensatory damages, punitive damages, and attorneys fees under General Statutes Section 41-110, et seq. Defendants' answer, filed June 9, 1995, sets forth special defenses to counts one, four and five alleging, in substance, that plaintiffs were contributorily negligent in failing to provide defendants with the necessary information relative to the preparation of the estate tax returns, and further, in failing to obtain the advice of a financial analyst concerning securing of funds adequate to defray the estate tax liability. Both parties have submitted offers of proof relating to an evidentiary hearing on the prejudgment remedy application.
Defendants object to proceeding on the PJR application on the basis of plaintiffs' noncompliance with the requirements of General Statutes Section 52-278c. The court has reviewed the affidavit and, in my view, it appears to be a sufficient statement of probable cause to support a PJR, at least for this preliminary purpose. While the alleged over-computation of the estate tax liability is $120,000, and the requested PJR is substantially in excess of that amount, and well in excess of plaintiffs' offer of judgment, the actual amount of the PJR can be more accurately determined upon a full evidentiary hearing, as ordered. Plaintiffs claim losses from a forced liquidation of assets which was necessary to meet the miscomputed estate tax liability, as well as damages for emotional distress resulting from the sale of family held real estate; furthermore, the CUTPA count has now survived a motion to strike and, defendants' answer having been filed, consideration as to the special defenses asserted with respect to certain counts may be more thoroughly addressed during an evidentiary presentation. Similarly, the adequacy of disclosed insurance coverage of $100,000 maybe considered in connection with the granting of, or amount of, any PJR.
Plaintiffs acknowledge that their notice to defendants did not contain language mirroring that set forth in section 52-578c(e). However, much of the language comprising the notice substantially followed that required by the statute and, as plaintiffs have emphasized, their application was made well subsequent to initiation of the law suit, at a point in time when defendants were fully represented; additionally, defendants have had notice of a hearing on the PJR application, at which time both sides may present evidence relating to their competing claims. CT Page 8401
Based on the aforesaid, defendants' objection to proceeding further on the PJR application (i.e. requesting summary denial thereof), premised on asserted technical deficiencies in the application (and annexed papers), is hereby Overruled.
Mulcahy, J.